## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

VICTAULIC COMPANY, §
§
      Plaintiff, §
§
v. § NO. 3:13-CV-02760-K
§
ROMAR SUPPLY, INCORPORATED, §
§
      Defendant. §

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion to Dismiss, or in the Alternative, to Stay or Transfer Plaintiff's Action ("the Motion to Dismiss") (Doc. No. 25); and Plaintiff's Unopposed Motion for Leave to File a Surreply Brief in Opposition to the Motion to Dismiss (Doc. No. 35). The Court has reviewed the above motions, the briefing, the materials submitted by the parties, and the applicable law. For the reasons below, the Court hereby **DENIES** the Unopposed Motion to File a Surreply Brief (Doc. No. 35); **GRANTS** the Motion to Dismiss (Doc. No. 25) in part; and **TRANSFERS** this case to the United States District Court for the Northern District of Georgia, Atlanta Division.

### I.    Factual Background

Plaintiff Victaulic Company ("Victaulic") filed its Complaint in the Northern District of Texas against Romar Supply, Incorporated ("Romar") on July 17, 2013. At issue in this case is a product called a SlideLok pipe coupling. The SlideLok pipe coupling is manufactured by Anvil International, LLC ("Anvil"). It is distributed by

approximately 75 United States distributors, including Romar. Victaulic claims that a properly installed SlideLok coupling infringes U.S. Patent Numbers 7,086,131 and 7,712,796 ("the Victaulic Patents"). Victaulic alleges that Romar has induced infringement of both patents by selling SlideLok pipe couplings.

On September 19, 2013, Romar filed its Answer and the Motion to Dismiss. In the Motion to Dismiss, Romar argues this case should be dismissed or transferred to the Northern District of Georgia, Atlanta Division, because a case involving the same patents, legal claims, and similar parties has been pending in that court since October 3, 2012 ("the Georgia Case"). Complaint and Demand for Trial by Jury, *Mueller Water Prods., Inc. and Anvil Int'l, LLC, v, Victaulic Co.*, No. 1:12-CV-03446-JEC (N.D. Ga. Oct. 3, 2012), ECF No. 1. The Georgia Case was filed by Anvil and its parent company, Mueller Water Products, Inc. ("Mueller") against Victaulic. Anvil and Mueller seek a declaration that the Victaulic Patents are invalid and not infringed by the SlideLok pipe couplings. The Georgia Case is not the only forum in which Anvil and Victaulic are waging war over the Victaulic Patents. Two weeks after the Georgia Case was filed, Victaulic filed a direct infringement case against Anvil and Mueller in the Eastern District of Pennsylvania. In July 2013, Victaulic initiated the next stage of its litigation strategy and filed three customer cases for induced infringement – this case, a case in the District of Utah, and one in the District of South Carolina. That same month, Victaulic also filed a Statement of Claim against Anvil and Mueller in Canada to initiate yet another patent infringement allegation against the SlideLok pipe couplings. Even prior to

the Georgia Case, the US Patent and Trademark Office began reexamination proceedings on the Victaulic Patents. The reexamination process is still ongoing. Since the Motion to Dismiss was filed, the cases in the Eastern District of Pennsylvania and District of Utah have both been dismissed in deference to the first-filed Georgia Case. Order, *Victaulic Co. v. Anvil Int'l, LLC*, No 5:12-CV-05985-SD (E.D. Pa. Oct. 4, 2013), ECF No. 29; *Victaulic Co. v. Scholzen Prods. Co.*, No. 2:13-CV-00651-DS (D. Utah Oct. 9, 2013), ECF No. 35.

## II.   Legal Standard

The first-to-file rule permits a court to refuse to hear a case if the issues raised by the two cases substantially overlap. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The first-to-file rule does not require that the issues or parties involved in the two cases be identical; rather, the crucial inquiry is whether the issues involved in the two cases "substantially overlap." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Even a potential jurisdictional dispute will not prevent a court from transferring a case under the first-to-file rule so long as there is substantial overlap. *Cadle Co.*, 174 F.3d at 605. Courts use the first-to-file rule to maximize judicial economy and minimize inconsistencies by refusing to hear a case raising issues that might substantially duplicate the issues raised by a case filed previously and still pending in another federal court. *See id.* at 604; *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir.1985) ("The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."). The first-filed court

3

is the appropriate court to determine whether subsequently filed cases with substantial overlap should proceed or not. *Cadle Co.*, 174 F.3d at 606. Thus, when a district court finds that the issues substantially overlap, the proper course of action is to transfer the case to the first-filed court.

## III.    Analysis

The parties dispute whether the two cases overlap. Victaulic argues that the first-to-file rule is inapplicable, because the parties in the two cases are not the same. Victaulic is a party to both this case and the Georgia Case. Romar, however, is not a party to the Georgia case. This lack of complete identity of the parties is not a bar to application of the first-to-file rule, so long as the issues in the two cases substantially overlap, as they do here. *See, e.g.*, *Save Power Ltd.*, 121 F.3d at 950–51 (noting that "the fact that Syntek is not a party to the Original Action does not undermine the appropriateness of transfer in view of all the facts of this case.") Victaulic also argues that the issues in the two cases are different. However, both cases arises from the same Victaulic Patents and the same SlideLok pipe coupling. While the Georgia Case involves allegations of direct infringement and this case alleges induced infringement, at their core, both cases must decide if the Victaulic Patents were infringed by the SlideLok pipe coupling. Allowing both cases to proceed presents an opportunity to have significantly conflicting conclusions on the question of infringement. Because the two cases substantially overlap, the first-to-file rule applies. It would constitute an unnecessary interference by this Court into a sister court's affairs, as well as an unwise use of judicial resources, for this Court

and the Northern District of Georgia, Atlanta Division to issue potentially inconsistent rulings.

Having determined that the dispute between these parties is properly heard by the Northern District of Georgia, Atlanta Division, the question then arises of how best to proceed with the action before this Court. The Motion to Dismiss requests this Court either dismiss the case altogether, or transfer the case to the Northern District of Georgia, Atlanta Division. In the Fifth Circuit, transferring the matter to the court in which the first-filed case is being adjudicated is the preferred action. *See Cadle*, 174 F.3d at 606. In *Cadle*, the Fifth Circuit stated that "the first to file rule not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id.* at 606. Accordingly, once the determination has been made that another first-filed case should proceed at the expense of a later-filed case, it then falls to the court adjudicating the first-filed case to determine the fate of the later case. *Id.* Thus, the Court concludes that the appropriate action is to transfer this case to the Northern District of Georgia, Atlanta Division.

## IV.   Conclusion

Victaulic's Unopposed Motion to File a Surreply Brief (Doc. No. 35) is **DENIED**. The Court finds that the first-to-file rule applies, because the issues in the two cases substantially overlap. Therefore, this case is **ORDERED** transferred to the United States District Court for the Northern District of Georgia, Atlanta Division.

**SO ORDERED**

Signed November 14th, 2013

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE